IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICIA E. G.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 1:19-cv-01811-CL

**OPINION AND ORDER**

---

MARK D. CLARKE, Magistrate Judge.

Plaintiff Patricia E. G. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for a period of disability and disability insurance benefits under the Social Security Act. For the reasons provided below, the Commissioner's decision is REVERSED and REMANDED for further proceedings.[2]

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

[2] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1).

1 - Opinion and Order

## BACKGROUND

Plaintiff was born in 1963 and was 52 years old on the date of her alleged onset of disability. Tr. 923. Plaintiff alleges disability began January 1, 2016, due to a combination of chronic nerve pain in her legs and feet, anxiety and depression, left hand and arm numbness, alcohol related hepatitis, nerve damage, sleep deprivation, and "body shock." Tr. 1065. Plaintiff completed the eleventh grade of high school and did not receive either a GED or high school diploma. Tr. 1064. Plaintiff has past work in automotive parts sales as a shipping and receiving clerk and order clerk. Tr. 913. Plaintiff has a history of alcohol abuse. Tr. 1143, 1170, 1200, 1370, 1538, 1683.

Plaintiff applied for disability benefits on October 15, 2015. Tr. 27. She originally alleged that her disability onset was in 2013, but amended her disability onset date to January 1, 2016. Her date last insured was December 31, 2016. Her application was denied initially and upon reconsideration. Tr. 27. Plaintiff requested a hearing and appeared before an Administrative Law Judge ("ALJ") on June 26, 2018. Tr. 878. The ALJ issued an unfavorable decision on October 2, 2018. Tr. 25. Plaintiff requested review by the Appeals Council. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act."

2 - Opinion and Order

*Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R.

    §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.  Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff last met the insured status requirements of the Act on December 31, 2016. Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of January 1, 2016 through her date last insured of December 31, 2016. Tr. 30.

2. Through the date last insured, Plaintiff had the following severe impairments: peripheral neuropathy and carpal tunnel syndrome. Tr. 30.

3. Through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 32.

4. Plaintiff had the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b) except she can frequently, but not constantly, handle and finger bilaterally. Tr. 32.

5. Through the date last insured, Plaintiff was unable to perform any past relevant work. Tr. 35.

6. Plaintiff was born on November 18, 1963, and was 53 years old, which is defined as an individual closely approaching advanced age, on the date last insured. Tr. 35.

7. Plaintiff has at limited education and is able to communicate in English. Tr. 35.

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. Tr. 35.

9. Through the date last insured, considering Plaintiff's age education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed. Tr. 35.

10. Plaintiff was not under a disability, as defined in the Social Security Act, at any time from January 1, 2016, the amended onset date, through December 31, 2016, the date last insured. Tr. 36.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court

5 - Opinion and Order

must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Where the evidence before the ALJ is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues for review:

1. Whether the ALJ properly evaluated Plaintiff's subjective symptom testimony regarding the severity and degree of limitation her conditions caused.

2. Whether the ALJ properly evaluated the medical opinion evidence.

## I.   The ALJ failed to provide clear and convincing reasons to discount Plaintiff's subjective symptom testimony.

When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis. In the first stage, the claimant must produce objective medical evidence of one or more impairments which could reasonably be expected to produce some degree of symptom. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). In the second stage of the analysis, the ALJ must consider the intensity, persistence, and limiting effects of the alleged symptoms based on the entire record. SSR 16-3p at *7-8. The ALJ's decision must contain "specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* Additionally, the evidence upon which the ALJ relies must be substantial. *See Reddick*, 157 F.3d at 724; *Holohan v. Massinari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991). The ALJ must also "state specifically which symptom testimony" is being rejected and what facts lead to that conclusion. *Smolen v. Charter*, 80 F.3d 1273, 1284 (9th Cir. 2009) (citing *Dodrill*, 12 F.3d at 918). In rejecting claimant's testimony about the severity of her symptoms, the ALJ must give "specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1029, 1036 (9th Cir. 2007)).

In this case, the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. The ALJ found that Plaintiff's "statements concerning

7 - Opinion and Order

the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 33. The ALJ stated that he considered Plaintiff's testimony regarding pain and discomfort, but failed to identify what testimony he found inconsistent with the record. Instead, the ALJ stated that Plaintiff's inability to work without some pain and discomfort "does not necessarily satisfy the test for disability under the provisions the Act." Tr. 33. The ALJ then went on to summarize the medical evidence in support of his RFC assessment without mentioning Plaintiff's symptom testimony again. This is insufficient under the clear and convincing standard and provides the Court with little information to assess how the ALJ evaluated Plaintiff's symptoms.

**II.     The ALJ made reversable error in assessing the medical evidence.**

The ALJ is responsible for resolving conflicts in the medical record. 20 C.F.R. § 404.1527; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

**A. Reviewing Physician, William Nisbett, M.D.**

State agency physician, William Nisbet, M.D., reviewed Plaintiff's file on April 28, 2016. Tr. 931. He reviewed medical evidence from August 1, 2010 through April 20, 2016. Tr. 926. He also reviewed the findings and opinion from the consultative evaluator, Dr. Daniel

8 - Opinion and Order

Selinger. *Id.* Dr. Nisbet concluded, "Looking at the totality of the evidence, and taking into account Claimant's subject[ive] complaints and pain, Claimant will be given a Sed[entary] RFC w/ occ[asional] handling/fingering." Tr.927.

The ALJ did not mention Dr. Nisbett by name, but stated that "[t]he state agency medical consultants reviewed all available evidence in August and December 2016 and concluded that the claimant's neuropathy and carpal tunnel conditions reasonably restricted her to light work involving no more than frequent handling and fingering." Tr. 34. This is not what Dr. Nisbett concluded. In making this statement, the ALJ either misinterpreted Dr. Nisbett's medical opinion or simply ignored it. Either way, the ALJ's treatment of Dr. Nisbett's medical opinion is harmful error.

While the ALJ is not required to discuss every piece of medical evidence in the record, "[f]indings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the administrative law judge and Appeals Council levels of administrative review. Administrative law judges and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions." SSR 96-6p (21 FR 34466, July 2, 1996). Therefore, the ALJ erred by not mentioning Dr. Nisbett's medical opinion or by mistaking it as the same as the other state agency medical opinions.

**B. Examining Physician, Daniel Selinger, M.D.**

Daniel S. Selinger, M.D., examined Plaintiff on April 20, 2016. Tr. 1385. He assessed a "distinct limp," and opined that Plaintiff "can barely walk on her toes or her heels due to pain." Tr. 1387. He observed a "great deal" of weakness in her hands bilaterally. Tr. 1388. He

9 - Opinion and Order

observed that she had no feeling in her toes or feet, and lacked position sense in her toes. *Id.* He diagnosed numbness and discomfort of both hands and both feet, etiology unclear. *Id.* He also diagnosed numbness from the neck down, etiology unclear. *Id.*

The ALJ rejected Dr. Selinger's opinion because he found that Dr. Selinger erroneously relied on Plaintiff's report that she drank "moderately" in the past but that she had not consumed any alcohol in the prior four months. Tr. 34. The ALJ did not believe this self-report to be true because treatment notes from early 2016 indicated that Plaintiff drank vodka daily. *Id.* The ALJ stated that two other doctors were more aware of Plaintiff's alcohol consumption and its aggravating influence on Plaintiff's neuropathy. *Id.* Finally, the ALJ found that Plaintiff's subsequent treatment records indicate that Plaintiff's symptoms decreased with sobriety and appropriate medical treatment. *Id.*

The ALJ's reasoning for rejecting Dr. Selinger's opinion is not supported by substantial evidence. Dr. Selinger's examination notes show that he did consider Plaintiff's alcohol use. Dr. Selinger wrote, "She used to drink alcohol moderately, admitted to three or four drinks per night but stopped in December and has not had anything to drink since then." Tr. 1386. The ALJ cited Ex. "12F, 73" in support of his finding that Plaintiff continued to drink vodka "daily." Tr. 34. However, there is no page seventy-three in exhibit "12F." Tr. 1529-32. The exhibit makes no reference to Plaintiff's alcohol use, but instead discusses her passing gallstones related to her pancreatitis and dilated bile ducts. Tr. 1531.

Elsewhere in the record, Plaintiff reported to Claudia Lake, Psy.D., of having to stop drinking in January of 2016, due pancreas and liver problems. Tr. 1536. She reported to Jackson County Mental Health that she stopped drinking in January 2016. Tr. 1721. At hearing, Plaintiff's attorney explained that Plaintiff stopped drinking December

31, 2015, and had one relapse after that, but never returned to regular drinking. Tr. 878. Prior to January 2016, Plaintiff regularly reported drinking four drinks of vodka every evening. *See e.g.*, tr. 1200. The record supports Plaintiff's claim that she stopped drinking in January 2016. Therefore, the ALJ's reasoning for rejecting Dr. Selinger's medical opinion is not legitimate, nor is it supported by substantial evidence.

### C. Treating nurse practitioner, Margaret Bismark, F.N.P.

The Court finds no reversable error in the ALJ's assessment of Nurse Bismark's medical opinion. At the time that Plaintiff filed her claim, Ms. Bismark was not an acceptable medical source under the Agency's effective regulations. *See* 20 C.F.R. § 404.1502(a).[3] Therefore, the ALJ could discount Ms. Bismarck's opinion as long as there were "reasons germane to [her] for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The germane reasons standard imposes a minimal obligation on the ALJ. *See, e.g., Adams v. Astrue*, No. 08-1449, 2010 WL 761239, at *3 n.2 (C.D. Cal. Mar. 1, 2010) (describing germane-reasons standard as "low").

Here, the ALJ's analysis passes that low bar. The ALJ considered that Ms. Bismarck's statement was submitted over a year after the date last insured and was silent on the timing of Plaintiff's progressive symptoms. Tr. 34. The ALJ noted that Ms. Bismarck's treatment notes from 2016 indicated that Plaintiff was in no distress and cite no difficulties with gait, balance, or coordination. Tr. 1673-1674. The ALJ reasonably concluded that the treatment provider's most recent opinion pertained only to Plaintiff's functioning after the date last insured. Tr. 34.

---

[3] The agency amended its regulations to state that, for claims filed on or after March 27, 2017, licensed advanced practice registered nurses are acceptable medical sources. *See* 20 C.F.R. § 404.1502(a)(7)(2017). Plaintiff filed her claim on October 15, 2015, before this amended regulation took effect.

**ORDER**

Based on the foregoing, the decision of the Commissioner is REVERSED and REMANDED for further administrative proceedings. Upon remand, the Commissioner is ordered to reconsider Plaintiff's subjective symptom testimony and the medical evidence. It is so ORDERED and DATED this 15 day of June, 2021.

MARK D. CLARKE
United States Magistrate Judge

12 - Opinion and Order